UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BINH HOA LE, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:15-cv-03839-L |
| | § | |
| EXETER FINANCE CORP. and | § | |
| ENZO PARENT, LLC, | § | |
|     Defendants | § | |

# PROTECTIVE ORDER [PROPOSED]

In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, it is hereby ORDERED that the discovery in this matter shall be subject to the following terms and conditions:

1.    This Order shall govern the use of Confidential Information, as defined in paragraph 2, in all proceedings conducted in the above-captioned case, unless otherwise ordered by the presiding judge or magistrate judge.

2.    Confidential Information shall mean all information designated as "Confidential" pursuant to paragraph 3 of this Protective Order which is produced or otherwise disclosed in connection with this action, and may include (a) all documents and things and copies thereof, (b) answers to interrogatories and responses to requests for admissions, and (c) all testimony given in this action whether by deposition or at any pretrial hearing or trial, which any party designates as "Confidential," including all transcripts thereof. This Order shall also govern any copies, abstracts, excerpts, analyses, summaries or other materials (whether in writing, computer or other form) which

contain, reflect or disclose information contained in such discovery materials or testimony which are designated as "Confidential"

3.	Confidential Information in documentary or written form shall be designated as confidential by stamping the original or copies of the document produced to a party with the legend "CONFIDENTIAL" or otherwise notifying the other party, in writing or on the record, of the confidentiality or such document. Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages or the document as confidential, unless otherwise indicated by the producing party. In lieu of marking this notation on the originals of documents, the party may mark the copies that are produced.

4.	Subject to the provisions of paragraph 1, Confidential Information shall be given, shown, disclosed, described, made available, or communicated only to the following:

(a)	counsel for Plaintiff or Defendants and their respective partners, associates, and employees actively engaged in litigation preparation; or

(b)	an individual party or the officers, directors, partners or employees of the parties with direct responsibility for the prosecution or defense of the litigation; or

(c)	the court or its employees;

(d)	independent litigation support services and experts retained by counsel for purposes of this action, provided that, before such persons receive any Confidential Information, each such person shall receive a copy of this Order and shall execute an agreement in the form of Exhibit A attached hereto.

5. Confidential Information may be further designated by a party as "Highly Confidential" by marking such information "HIGHLY CONFIDENTIAL." This designation shall be made by stamping the original or copies of the document produced to a party with the legend "HIGHLY CONFIDENTIAL" or otherwise notifying the other party, in writing or on the record, of the confidentiality of such document. Stamping the legend "HIGHLY CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as Highly Confidential, unless otherwise indicated by the producing party. All documents or things designated as Highly Confidential are included within the meaning of Confidential Information as used in this Order, and all provisions of this Order apply to such information. Subject to the provisions of this Order, Highly Confidential Information shall be given, shown, disclosed, made available, or communicated only to the persons identified, and in the manner prescribed, in paragraphs 4(a), 4(c), and 4(d) above.

6. A party shall designate as Confidential Information only materials which that party in good faith believes constitute information that is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence. Highly Confidential information shall be limited to a party's designated proprietary business information, the disclosure of which that party in good faith believes would likely result in competitive harm to that party. The provisions of this Order with respect to Confidential Information and Highly Confidential information shall not apply to information that was, is, or becomes accessible to the public or which is obtained by the opposing party through independent means.

7. Material designated as Confidential or Highly Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material so designated (hereinafter "Confidential Material" shall be used only

for the purpose of the prosecution, defense, settlement, or appeal of this action and for no other purpose. Furthermore, no person, firm, corporation or other entity subject to this Order shall give, show, disclose, make available, or communicate Confidential Information or Highly Confidential information to any person, firm, corporation or other entity not expressly authorized by this Order to receive, respectively, such Confidential Information or Highly Confidential information. Each party reserves the right to challenge any other party's designation of particular in information as Confidential or Highly Confidential for the purpose of having the Court determine whether or not the information should be designated as Confidential or Highly Confidential.

8.  All Confidential Information or Highly Confidential information or Confidential Material filed with the Court for any purpose shall be filed in a sealed envelope or other container marked on the outside with the title of the action, an identification of each item within and a statement substantially as follows:

> **Confidential Information Subject to Protective Order. This item shall not be opened except as ordered by the Court in this action or upon written stipulation executed by all or the parties and filed in Court in this action.**

This envelope shall not be opened except as ordered by the Court or upon written stipulation executed by all of the parties, or their counsel, and filed in Court in this action. All of such documents so filed in Court shall be treated in accordance with this paragraph.

9.  In the event a party wishes to use any Confidential Information or Highly Confidential information in any affidavits, briefs, memoranda of law or other papers filed in Court in this action, such affidavits, briefs, memoranda of law or other papers so filed shall be designated as "Confidential Information - Subject to Protective Order" and shall be maintained under seal by the

Court and treated by the Court in accordance with the provisions of this Order relating to Confidential or Highly Confidential information.

10. With respect to testimony of a party or a party's officers, employees, directors, agents, consultants, and/or experts, elicited during depositions, conference, hearings, trial and other proceedings, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information which should be treated as Confidential Information or Highly Confidential information with respect to such client, counsel shall designate on the record prior to such disclosure, or any time before the deposition, hearing or other proceeding is adjourned, that such deposition, hearing or other proceeding contains testimony, "Confidential Information" or "Highly Confidential" information, or so advise all counsel within 14 days of receipt of the transcript. During this 14-day period, all deposition transcripts and the information contained therein shall be deemed "Highly Confidential." Once such designation has been made, the court reporter taking and transcribing such deposition, hearing, or proceeding, shall treat the transcript containing the question(s) and answers designated as "Confidential" or "Highly Confidential" as provided for in this Order for documents so designated. Within 14 days of receipt of the transcript, counsel for the witness shall confirm which specific pages or the deposition contain Confidential or Highly Confidential information, shall mark such pages accordingly, and shall provide a copy of the marked transcript to all parties' counsel.  In the event one party designates certain deposition testimony "Highly Confidential," it has the right to require the opposing parties (or their representatives), but not any person entitled to see Highly Confidential information, to leave the room during such testimony.

11. Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record, at the conclusion of testimony, if any such

testimony has been designated as Confidential Information or Highly Confidential information, that all such testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to the attorneys for each party, the witness giving testimony, and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in confidentiality and safekeeping by such reporter or transcriber or shall be delivered to the undersigned attorneys.

12. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this action by any party which are, in whole or in part, designated as Confidential Information or Highly Confidential Information, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The person filing such material shall advise the Clerk, as set forth in paragraph 9 hereof, that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

13. Nothing herein is intended to govern, limit or affect the right of any party to use Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the trial of this action, in any pretrial proceeding conducted herein, or in any appeal or this action, provided that such information is submitted and filed under seal and shall not be made available to anyone other than the trier of fact and those persons authorized to see such information pursuant to paragraphs 4 and 5 of this Protective Order. In the event that any Confidential Information or Highly Confidential

information is used in any proceeding in this action, including trial, it shall not lose its Confidential or Highly Confidential status merely through such use.

14. The procedure set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to the confidentiality of documents, nor shall it relieve a party of the necessity of proper response or objection to discovery requests, nor shall it limit or preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or from applying to the Court for relief from this Protective Order.

15. This Protective Order shall not affect: (a) any party's right to use with complete discretion the information which it initially produced; (b) any party's right to object to any discovery demand on any ground; (c) any party's right to seek an order compelling discovery with respect to any discovery demand; (d) any party's right to object to the admissibility of any information on any ground; (e) any counsel's right to make litigation decisions in this or any other proceeding that do not involve disclosure of information subject to this Protective Order or of any copy, transcript, excerpt or summary thereof; (f) any party's right to use without limitation any information, including information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that the party acquires independently and in a lawful manner from a source other than the designating party; (g) any party's right to disclose any information pursuant to a duly authorized subpoena or civil investigative demand, provided that any party intending to produce information designated by another party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall give counsel for the designating party prompt notice of such subpoena or civil investigative demand, which notice if possible shall be at least ten (10) days prior to the earlier of (1) any deadline for filing objections to the subpoena or civil

investigative demand, or (2) the actual production of the information; or (h) any party's right to seek amendments to this Protective Order broadening or restricting the rights of access to, or the use of, material subject to this Protective Order or otherwise modifying this Protective Order.

16. To the extent provided by law, the inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Any party receiving notice from a producing party that information has been inadvertently produced shall return all such information (including all copies thereof within its custody and control) to the producing party within five (5) working days of receipt of such notice, unless application is made to the Court within such period to challenge the claim of privilege or other protection. Nothing in this paragraph applies to any information governed by paragraph 19, below.

17. In the event a producing party fails to designate information as Confidential or Highly Confidential, the producing party may correct the error by notifying counsel for all receiving parties within ten (10) days of discovering the error that the producing party wishes to designate the information as Confidential or Highly Confidential. Any party receiving notice from a producing party that information has been inadvertently produced without the Confidential or Highly Confidential designation shall return all such information (including all copies thereof within its custody and control) to the producing party within five (5) working days of receipt of such notice so that the information may be designated Confidential or Highly Confidential.

18. It is agreed that the confidential nature of the Confidential Information and Highly Confidential information makes any breach of this Order unable to be remedied solely by damages. Therefore, if there is a breach or threatened breach of this Order, the parties hereto acknowledge that the non-breaching party shall be entitled to a temporary restraining order and/or injunction; however, this shall not be construed as prohibiting the non-breaching party from pursuing any other remedies for any breach or threatened breach.

19. This Order shall survive the final termination of this action. Within thirty (30) days of the termination of this action and any final appeal(s) thereof, counsel for the panics shall assemble and return to each other all documents, material and deposition transcripts designated as Confidential or Highly Confidential and all copies of same.

IT IS SO ORDERED.

Dated:_____

_____
JUDGE PRESIDING

EXHIBIT A

# AGREEMENT CONCERNING MATERIAL, COVERED BY AS STIPULATION AND ORDER ENTERED IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in the United States District Court for the Northern District of Texas, Dallas Division in Civil Action Number 3:15-cv-03839-L and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive such "Confidential Information" or "Highly Confidential" information, pursuant to the terms of said Protective Order, any document or any information designated as "Confidential Information" or "Highly Confidential" information or any copies of extracts or information derived therefrom, which has been disclosed to me. I further agree to use any information disclosed to me in connection with the case solely for the purposes of the above-mentioned case and for no other purposes.

The undersigned hereby irrevocably submits his/her person to the jurisdiction of the United States District Court for the Northern District of Texas for the purposes of enforcing said Protective Order.

Date:_____  Signature:_____

_____
Type or Print Name