IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BINH HOA LE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-3839-L** |
| | § | |
| **EXETER FINANCE CORP. and** | § | |
| **ENZO PARENT, LLC,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is Plaintiff's "Motion to Modify Deadline to Return Responsive Docum[]ents Pursuant to the Protective Order" ("Motion") (Doc. 116), filed June 15, 2021. According to the Motion, Plaintiff seeks to modify the previously agreed upon Protective Order that was entered in this case several years ago on December 2, 2016 (Docs. 22, 23), to govern discovery in this action in accordance with the terms and conditions agreed to by Plaintiff and Defendants. Plaintiff seeks to modify the terms of that order to facilitate his use of evidence that was produced during discovery in this case in a separate, subsequently-filed action in which he is now suing the attorneys, who represented him in this action, for malpractice. Defendants oppose the Motion. The court **denies** the Motion for the reasons that follow.

As Plaintiff acknowledges, all claims asserted by Plaintiff against Defendants in this action were dismissed with prejudice, and a judgment in favor of Defendants was entered on March 9, 2020, more than one year ago. More recently, the judgment was affirmed by the Fifth Circuit on March 5, 2021. The court sees no valid reason, especially in light of Defendants' opposition, to

modify the Protective Order as requested by Plaintiff because doing so would unnecessarily prolong the proceedings in this closed case to assist Plaintiff in unrelated litigation that has nothing to do with Defendants or Plaintiff's previously-dismissed claims against Defendants. Additionally, the modification of the Protective Order could possibly give rise to further litigation in this closed case, which is concerning given the prior lengthy, litigious, and tortuous history of litigation in this action. Accordingly, any discovery sought by Plaintiff related to his malpractice claims should be sought in the separate litigation that he has brought against his lawyers. Likewise, any related dispute regarding such discovery should be addressed and resolved by the judge in Plaintiff's new litigation against his attorneys, which is not relevant to the judgment entered in this case.

**It is so ordered** this 17th day of June 2021.

Sam A. Lindsay
United States District Judge